**STUBBS ALDERTON & MARKILES, LLP**
Michael A. Sherman (SBN 94783)
*masherman@stubbsalderton.com*
Neil Elan (SBN 292002)
*nelan@stubbsalderton.com*
Emmanuel Hurtado (SBN 336137)
*ehurtado@stubbsalderton.com*
15260 Ventura Blvd., 21st Floor
Sherman Oaks, California 91403
Telephone: (818) 444-4548
Facsimile: (818) 444-6352

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**
Lawrence M. Hadley (SBN 157728)
*lhadley@glaserweil.com*
Stephen Underwood (SBN 320303)
*sunderwood@glaserweil.com*
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Telephone: (310) 282-6235
Fax: (310) 556-2920

Attorneys for Plaintiffs
MACHININGCLOUD, INC. AND
MACHINING CLOUD GMBH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHININGCLOUD, INC., a California Corporation; and MACHINING CLOUD GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>KENNAMETAL INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No.: 2:25-cv-10745<br><br>**COMPLAINT FOR DECLARATORY RELIEF – PATENT INVALIDITY** |

COMPLAINT

MachiningCloud, Inc. and Machining Cloud GmbH (collectively, "Plaintiffs" or "MachiningCloud"), hereby complain against Defendant Kennametal Inc. ("Kennametal" or "Defendant"), and allege as follows. This is an action for declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. MachiningCloud seeks a declaratory judgment of invalidity of U.S. Patent No. 12,430,675 B2 (the "'675 Patent"), issued on September 30, 2025, and assigned to Kennametal.

## THE PARTIES

1. MachiningCloud, Inc. is a corporation with its principal office located in Ventura County, California.

2. Machining Cloud GmbH is a company located in Switzerland.

3. Kennametal is a corporation formed in Pennsylvania that conducts business throughout the State of California, including in this District.

4. MachiningCloud is informed and believes and, on that basis, alleges that at all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged and that MachiningCloud's damages, as herein alleged, were proximately caused by Defendant.

5. MachiningCloud filed an action for, among other things, breach of contract and trade secrets theft against Kennametal, on February 4, 2025, in the Superior Court of the State of California for the County of Ventura. Kennametal removed the action to the United States District Court for the Central District of California, Western Division, based on diversity jurisdiction (Case No. 2:25-cv-02158-SB-AJR). That case remains pending.

6. Kennametal subsequently asserted claims of patent infringement against MachiningCloud, alleging that MachiningCloud was infringing Kennametal's U.S. Patents Nos. 9,817,387 (the "'387 Patent") and 10,754,322 (the "'322 Patent"). The '387 and '322 Patents purport to claim a novel method of finding machining tools in

manufacturer catalogs, a substantially similar technology claimed in Kennametal's recently-issued '675 Patent.

## JURISDICTION AND VENUE

7. This Court has exclusive subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

8. This Court has subject matter jurisdiction over this action based on a real and immediate controversy between MachiningCloud and Kennametal as Kennametal has accused MachiningCloud of misappropriating substantially similar technology claimed in the '675 Patent in a pending patent litigation between MachiningCloud and Kennametal. On April 30, 2025, Kennametal filed claims for patent infringement against MachiningCloud related to the '387 and '322 Patents. All three patents have overlapping inventorship, are assigned to Kennametal, and purport to claim similar methods for digitally finding and selecting machining tools from manufacturer catalogs.

9. This Court has personal jurisdiction over Kennametal. Kennametal does business in this District and has taken steps in this District to assert patents against Machining Cloud. By filing patent infringement claims against MachiningCloud in this District, Kennametal has submitted to the personal jurisdiction of this Court.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391 because Kennametal does business in this District, has marketed and sold its patented technology to customers in this District, a substantial part of the events giving rise to MachiningCloud's claims occurred in this District, and because Kennametal is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

11. Kennametal willfully and maliciously took advantage of MachiningCloud by, among other things, (a) stealing MachiningCloud's trade secret, confidential, and

proprietary information, despite a clear written agreement providing MachiningCloud with ownership over the software and digital tools that MachiningCloud developed; (b) underreporting more than a billion dollars of revenue that it received as a result of the use by Kennametal users, distributors, and dealers of the software and digital tools that MachiningCloud developed for Kennametal, to avoid paying commissions, fees, and other compensation owed to MachiningCloud pursuant to their agreement; and then filing patent applications with the USPTO to monopolize for itself the technology it stole from MachiningCloud.

12. In response to MachiningCloud's complaint, Kennametal has asserted claims of patent infringement, trade secrets misappropriation, breach of contract, interference with economic relations, and violations of the California Business and Professions Code against MachiningCloud. The parties' litigation is pending in Case No. 2:25-cv-02158-SB-AJR.

13. More than a decade ago, Kennametal, a global, industrial company specializing in the production of metalworking tools and engineered components used throughout the industrial production process, had almost no digital capability or automated expertise in assisting their customers in the most basic of production planning processes, *i.e.* which of the tens of thousands of tools and variations manufactured by Kennametal might be best suited for use in production of a particular engineered part/design. The absence of such expertise at Kennametal was acute, as merely having a paper catalog (or the equivalent) advertising the availability of tens of thousands of tools/tool sizes, was no substitute for more developed, technologically precise, methods of measurement, performance, location and planning.

14. At that time, Kennametal lacked internal expertise in software development focused on tools and production/manufacturing components. Thus, Kennametal solicited MachiningCloud, an innovative technology company that specialized in designing and engineering advanced software solutions for the machining industry, to design, engineer, and build a unique digital system and

3
COMPLAINT

technology platform which would allow Kennametal to stay ahead of its competitors as the world of online and digital business functionalities rapidly evolved across the business landscape.

15. The system and technology platform would provide Kennametal's users and other potential customers the ability to efficiently browse and select cutting tools, access tool data and tool compatibilities, prepare tool assemblies, and purchase tools (and related products such as fixtures) electronically as opposed to via traditional, time-consuming methods, such as printed catalogs and phoned or faxed instructions and orders.

16. Kennametal sought out MachiningCloud to build this system and technology platform because (1) Kennametal was incapable of doing so itself and (2) MachiningCloud had decades of unique know-how and technological expertise in this sector as well as resources to build the system and technology platform that Kennametal wanted and needed. On or around May 26, 2011, MachiningCloud and Kennametal entered into an agreement (the "Agreement") whereby MachiningCloud agreed to develop—in exchange for a series of payments and future commissions on Kennametal sales—the system and technology platform, which is now known as "Novo." Kennametal agreed to pay MachiningCloud commissions (or fees) on all sales "initiated by or through the use of" Novo after Novo became commercially operational.

17. This strategic relationship between MachiningCloud and Kennametal began as a contractual agreement and grew into a complex, multi-year business venture with the specific purpose of developing a sophisticated cloud-based digital commerce platform called Novo. MachiningCloud created, and the parties jointly controlled, this platform, which significantly advanced digital access to cutting tools, tool data, and product selling and ordering capabilities for Kennametal's sales and marketing team members and Kennametal's users, respectively. Kennametal provided some of the data that was used by this platform, but MachiningCloud developed the platform.

18. The parties intended to share in the economic benefits of their strategic relationship, as evidenced by the commission structure, which tied MachiningCloud's compensation directly to the sales of Kennametal products "initiated by or through the use of" the Novo platform.

19. The parties' Agreement explicitly stated that MachiningCloud would maintain full ownership over the intellectual property associated with the Novo platform.

20. MachiningCloud lived up to its obligations under this Agreement and under law.

21. But Kennametal turned out to be a dishonest partner. Kennametal breached the parties' agreements and fiduciary obligations by misappropriating MachiningCloud's confidential, proprietary, and/or trade secret information by building its own technology platform hereafter called the "Kennametal Platform"—an unauthorized knockoff of Novo that Kennametal now markets and operates independently. Kennametal further initiated approximately $1.7 billion in sales through Novo, but processed the sales outside of Novo, so that Kennametal did not pay the required commissions to MachiningCloud.

22. Kennametal then filed several patent applications falsely claiming it was the inventor of the technology underlying the Kennametal Platform, which in fact was and is a copy of MachiningCloud's Novo.

23. Kennametal's patents are not eligible for patenting under U.S. patent law because, at a minimum, Kennametal's "inventions," as claimed, recite only conventional, abstract ideas—searching through catalogs to find appropriate machining tools—and automate them using a computer.

24. Utilizing trade secret and confidential information acquired from MachiningCloud, Kennametal filed Application No. 17/832,419 on June 3, 2022. The application was granted and published by the USPTO as the '675 Patent on September 30, 2025. The '675 Patent is titled "Computer-based platform for developing and

implementing industrial tool solutions (DCX platform) and lists six inventors: Dileep Gopalkrishnan, Mitch Benko, Dan Berlin, Grzegorz Dewicki, Vijay Jayaram, and Revanth Chowdary. The "field of invention," as described in the '675 Patent, is "computer-based platforms, tools, devices, and processes for gathering, analyzing, exchanging, and displaying data associated with industrial tool solutions."

25. Kennametal's own '675 Patent demonstrates that both the claims and specification are based on the unlawful copying of MachiningCloud's confidential information. For example: (i) Figure 1A of the '675 Patent depicts a flowchart appears on page 19 of the parties' Agreement; (ii) the functionality described in the '675 Patent reflects descriptions of the scope of work provided for in the Agreement; and (iii) the '675 Patent reflects development plans and platform structure discussed and continuously embodied in MachiningCloud's Novo. Moreover, the six purported "inventors" of the '675 Patent were all intimately involved in working with MachiningCloud and Novo since at least 2016.

## CLAIM I

**(Declaratory Judgment of Invalidity of**

**U.S. Patent No. 12,430,675 B2 – Against Kennametal)**

26. Plaintiff repeats, realleges, and incorporates herein by this reference all prior allegations.

27. As a result of at least the allegations contained in this Complaint, including the pending patent litigation between the parties involving substantially similar technology, an actual and justiciable controversy exists between MachiningCloud and Kennametal regarding the validity of the '675 Patent.

28. The '675 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

29. MachiningCloud is entitled to a judgment from this Court that the claims of the '675 Patent are invalid for failure to meet the conditions patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a jury trial and for judgment against Defendant as follows:

1. That the claims of the '675 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112;

2. That MachiningCloud is the prevailing party and that this case is an exceptional case under 35 U.S.C. § 285, and awarding MachiningCloud its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law, including this Court's inherent authority; and

3. For any such other and further equitable and/or legal relief as the Court deems just and appropriate.

Dated: November 7, 2025        STUBBS ALDERTON & MARKILES, LLP

By: */s/ Michael A. Sherman*
    Michael A. Sherman
    Neil Elan
    Emmanuel Hurtado

**GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP**

By: */s/ Lawrence M. Hadley*
    Lawrence M. Hadley
    Stephen Underwood

Attorneys for Plaintiffs
MACHININGCLOUD, INC. and
MACHINING CLOUD GMBH